UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNON M. STEDMAN,

                      Plaintiff,

              v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**18-CV-01083F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              ANTHONY JOHN ROONEY, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202;

                              BLAKELY PRYOR
                              Francis D. Tankard
                              Office of the General Counsel
                              Social Security Administration
                              Office of General Counsel
                              601 E. 12TH Street
                              Room 965
                              Kansas City, Missouri 64016, and

                              PETER WILLIAM JEWETT
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

New York, New York 10278

## JURISDICTION

On October 7, 2019, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. No. 12). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 26, 2019 (Dkt. No. 7), and by Defendant on June 25, 2019 (Dkt. No. 10).

## BACKGROUND

Plaintiff Shannon Stedman ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on July 17, 2014, for Supplemental Security Income under Title XVI of the Act ("SSI"), and for Social Security Disability Insurance under Title II of the Act ("SSDI"), (together, "disability benefits"). Plaintiff alleges she became disabled on July 31, 2013, based on anxiety and depression (R. 190), and requested benefits for a closed period from July 31, 2013 to May 25, 2015, when Plaintiff returned to full-time work as an administrative assistant. (R. 10, 253).

Plaintiff's application initially was denied on October 30, 2014, (R. 84), and at Plaintiff's timely request, on May 18, 2017, a hearing was held in Buffalo, New York. (R. 27-61). Appearing and testifying at the hearing were Plaintiff, Plaintiff's attorney Kelly Laga-Sciandra, Esq., and vocational expert Rachel Douchan ("VE"). On August 8,

2

2017, the ALJ issued a decision denying Plaintiff's claim (R. 10-21) ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council. (R. 4). On August 9, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On October 4, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1).

On April 26, 2019, Plaintiff moved for judgment on the pleadings (Dkt. No. 7) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 7-1) ("Plaintiff's Memorandum"). On June 25, 2019, Defendant moved for judgment on the pleadings (Dkt. No. 10) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. No. 10-1) ("Defendant's Memorandum"). Plaintiff filed on August 9, 2019, Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 12) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[2]

Plaintiff Shannon Stedman ("Plaintiff"), born on March 6, 1980 (R. 20), was 33 years old as of July 31, 2013, Plaintiff's alleged disability onset date ("DOD"), is single, is a high school graduate with a Masters degree in exercise science, and lives with her

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

mother, stepfather and three school-aged children. Plaintiff's most recent past relevant work includes work as an elementary school drug and alcohol educator. (R.190).

On June 20, 2013, Plaintiff began mental health counseling with Psychiatrist Maria Cartagena, M.D. ("Dr. Cartagena"), who evaluated Plaintiff with fair attention and concentration, good insight and judgment, and intact associative thinking. (R. 312-14). Dr. Cartagena continued to provide mental health counseling to Plaintiff on July 2, 2013 (R. 310-11), July 31, 2013 (R. 305-07), August 19, 2013 (R. 301-02), September 4, 2013 (R. 299-300), September 18, 2013 (R. 294-96), October 16, 2013 (R. 291-93), October 31, 2013 (R. 288-90), January 23, 2014 (R. 279-80), February 3, 2014 (R. 276-78), February 26, 2014 (R. 273-75), March 26, 2014 (270-72), April 8, 2014 (R. 268-69, April 30, 2014 (R. 262-64).

On September 12, 2013, Nicole Biersbach ("P.A. Biersbach"), a physician assistant working under the supervision of Dr. Cartagena, noted that Plaintiff reported a return to her job as an elementary school drug and alcohol educator, but that Plaintiff left the school day early because of increased anxiety and being informed that her position would likely no longer be held in her absence. (R. 443).

On May 18, 2014, Plaintiff was hospitalized at Bry-Lin Hospital ("Bry-Lin"), where Ramesh Konakanchi, D.O. ("Dr. Konakanchi"), noted that Plaintiff reported feeling overwhelmed but denied any psychotic symptoms, and evaluated Plaintiff with goal-directed thought processes, fair insight and judgment. (R. 375-76). Dr. Konakanchi diagnosed Plaintiff with Type Two Bipolar disorder and admitted Plaintiff for seven to 10 days of psychotherapy treatment. (R. 376).

On June 11, 2014, Holly Mutton, D.O. ("Dr. Mutton"), a psychiatrist with University Psychiatric Practice, completed Plaintiff's discharge summary from Bry-Lin, and noted that Plaintiff reported that Dr. Cartagena incorrectly diagnosed Plaintiff's bipolar disorder. Dr. Mutton admitted Plaintiff to the hospital's partial therapy program and diagnosed Plaintiff with a major depressive disorder, single to moderate, generalized anxiety disorder, and adjustment disorder with depressed mood. (R. 318).

On July 22, 2014, Plaintiff visited P.A. Biersbach for a sinus infection where P.A. Biersbach noted that Plaintiff reported she was doing well with her medication regimen. (R. 451).

On August 1, 2014, Hillary Tzetzo, M.D. ("Dr. Tzetzo"), completed a mental residual functional capacity assessment on Plaintiff and opined that Plaintiff was capable of handling simple work tasks with moderate limitations to carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, sustaining an ordinary routine without special supervision, working in coordination or in proximity to others without being distracted, completing a normal workday and workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers, maintaining socially appropriate behavior, adhering to basic standards of neatness and cleanliness, responding appropriately to changes in the work setting, setting realistic goals and making plans independently of others. (R. 79-81).

On January 15, 2015, Jenna Biddlecom, P.A. (P.A. Biddlecom"), noted that Plaintiff denied any psychiatric symptoms. (R. 454).

On January 26, 2015, P.A. Biersbach noted that Plaintiff was doing well with no anxiety, depression, or agitation (R. 458), and on February 19, 2015, P.A. Biersbach noted that Plaintiff reported no psychiatric symptoms and a tingling sensation in her hands for which P.A. Biersbach prescribed hand splints to be worn nightly. (R. 463).

On February 23, 2015, Dr. Mutton noted that Plaintiff reported feeling a "bit anxious" and evaluated Plaintiff with a stressed mood, appropriate affect, soft and coherent speech, goal-oriented thought processes, intact attention, concentration, insight and judgment. (R. 350). During a follow-up visit with Dr. Mutton on April 20, 2015, Plaintiff reported that she was "doing alright" with periodic, less intense symptoms of anxiety, and that Plaintiff was not pursuing permanent disability benefits as Plaintiff intended to return to work. (R. 255).

On August 10, 2015, Dr. Mutton noted that Plaintiff reported that Plaintiff worked part-time at her church four days a week with mild symptoms of anxiety. Dr. Mutton evaluated Plaintiff with appropriate mood, intact judgment and insight and appropriate affect (R. 363). Dr. Mutton evaluated Plaintiff with similar mood and affect on December 14, 2015 (R. 367).

## **DISCUSSION**

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of

6

any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.  Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to

perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found that Plaintiff met the Act's insured status requirement for SSDI through March 31, 2015, (R. 12), did not engage in substantial gainful activity since July 11, 2013, Plaintiff's alleged disability onset date, and suffers from the severe impairments of bipolar disorder, generalized anxiety disorder, major depressive disorder, panic disorder, and post-traumatic stress disorder ("PTSD"). (R. 12). The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1 (R. 13-14), retains the RFC to perform a full range of work at all exertional levels with limitations to simple, routine tasks, simple work-related decisions, no strict production quotas, minimal changes in work routine and process, frequent interaction with supervisors and occasional interaction with co-workers and the public, no work in teams or in tandem (R. 14), is unable to perform her PRW as an elementary school drug educator (R. 20), but, given that Plaintiff is a younger individual between the ages of 18 and 49 as of Plaintiff's alleged disability onset date, has a high school education and the ability to communicate in English, and has the residual functional capacity to

perform light work despite no transferable skills from her PRW, jobs exist in significant numbers in the national economy that Plaintiff can perform, including automobile inspector, warehouse support worker, and industrial cleaner (R. 21), such that Plaintiff is not disabled as defined under the Act. *Id.* at 22.

Plaintiff argues that the ALJ erroneously applied the treating physician rule by not re-contacting Drs. Cartagena and Mutton for a function-by-function assessment of Plaintiff's ability to work. Plaintiff's Memorandum at 12. Defendant maintains that the ALJ properly afforded only some weight to Dr. Cartagena's finding the Plaintiff was disabled (R. 20), as findings of disability are reserved to the Commissioner, and that Dr. Cartagena's normal examination findings of Plaintiff were supported by Plaintiff's activities of daily living, and substantial evidence in the record. Defendant's Memorandum at 21-24.

Plaintiff's disability applications filed on May 28, 2014, are subject to the treating physician rule. *See* 20 C.F.R. §§ 404.1527, 416.927 (2017). Generally, the opinion of a treating physician is entitled to significant weight but only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with other substantial evidence in the case record." *Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. App'x. 34, 35 (2d Cir. 2017) (quoting *Burgess v. Astrue ("Burgess")*, 537 F.3d 117, 128 (2d Cir. 2008), 20 C.F.R. § 404.1527(d)(2)). In instances where the ALJ discounts a treating physician's opinion however, the ALJ must set forth "good reasons" for doing so. *Burgess*, 537 F.3d at 129 (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating

physician['s] opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.")). The failure to provide good reasons for rejecting a treating physician opinion is grounds for remand. *Schall v. Apfel*, 134 F.3d 496, 503-05 (2d Cir. 2004) (*per curiam)*.

Here, the ALJ afforded "some weight" to Dr. Tzetzo's consultative opinion that Plaintiff was capable of handling simple work tasks with moderate limitations to carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, sustaining an ordinary routine without special supervision, working in coordination or in proximity to others without being distracted, completing a normal workday and workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers, maintaining socially appropriate behavior, adhering to basic standards of neatness and cleanliness, responding appropriately to changes in the work setting, setting realistic goals and making plans independently of others. (R. 20) (referencing R. 79-81). The ALJ further determined that Drs. Cartagena and Mutton's findings that Plaintiff was disabled were not supported by substantial evidence in the record including the physician's own treatment notes and Plaintiff's activities of daily living. (R. 19). The ALJ's finding is supported by substantial evidence in the record.

On August 7, 2013, Dr. Cartagena noted that Plaintiff reported that her risperidone (mood disorder) medication was working with improved concentration, distractibility, sleep, appetite, energy, irritability, and psychomotor agitation. (R. 260).

On October 31, 2013, Dr. Cartagena noted that Plaintiff reported ongoing anxiety and depression, and wanted her medication changed. Dr. Cartagena evaluated Plaintiff with normal symptoms and changed Plaintiff's medication. (R. 288).

On January 13, 2014, Dr. Cartagena noted that Plaintiff reported that Plaintiff was "alright," with fewer symptoms of mania/hypomania, and that Plaintiff's medication was decreasing her symptoms of anxiety and depression. (R. 279).

On February 3, 2014, Dr. Cartagena noted that Plaintiff continued to report improved symptoms but unstructured time during the weekends increased her anxiety. (R. 276).

On March 26, 2014, Dr. Cartagena evaluated Plaintiff with normal symptoms, and noted that Plaintiff reported her mood improved with an increase in her medication with some anxiety about returning to work. (R. 270).

On June 20, 2014, Dr. Mutton noted that Plaintiff reported that she was "doing okay," and evaluated Plaintiff with logical, goal-oriented thought processes, and intact attention and concentration, insight and judgment. (R. 319-20). Plaintiff reported that her activities of daily living include caring for her three children ages six, eight and ten, attending school functions, cleaning, preparing simple meals, doing laundry, grocery shopping, watching television, reading, exercising at the Y.M.C.A., driving, attending church, playing games, taking her children to the park, socializing with family and

friends, dining out, working as a weekly lunch monitor at her children's school, and vacationing with her parents in Canada. (R. 35-45, 213-17).

On August 1, 2014, Dr. Mutton noted that Plaintiff reported that she was "doing alright" with periodic anxiety about her ability to function at work, and evaluated Plaintiff with intact attention and concentration, insight and judgment. (R. 324).

Substantial evidence in the record therefore supports the ALJ's determination to afford some weight to Dr. Tzetzo's opinion on Plaintiff's ability to work, and there is, accordingly, no merit to Plaintiff's argument that the ALJ failed to abide by the treating physician rule. Plaintiff's motion on this issue is DENIED.

Plaintiff's further contention that the ALJ was required to obtain a function-by-function assessment from one of Plaintiff's treating physicians, Plaintiff's Memorandum at 18, is also without merit. In instances such as here, where the claimant's treating physicians do not provide specific function-by-function assessments of the claimant's residual functional capacity, but the medical record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate. *See Tankisi v. Commissioner of Social Security*, 521 F. App'x. 29, 34 (2d Cir. 2013) (citing *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)). Plaintiff's motion on this issue is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 7) is DENIED; Defendant's Motion (Dkt. No. 10) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 13, 2020
	Buffalo, New York